UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CALGON CARBON CORPORATION,

                Plaintiff,         Case No. 08 CIV 4407 (CM)

   -against-

                                            **ANSWER**

WDF, INC. and SEABOARD SURETY COMPANY,

                Defendants

----------------------------------------X

      Defendants, WDF, INC. and SEABOARD SURETY COMPANY, by their attorneys, the Law Offices of William J. Turkish, PLLC, and for their Answer to the Plaintiff's Complaint, states as follows:

      1.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "1" of the Plaintiff's Complaint.

      2.    Denies each and every allegation set forth in paragraph "7" of the Plaintiff's Complaint, except admits that WDF subcontracted with Connor Management Group to provide certain equipment and services in connection with the prime contract. On information and belief, denies that WDF assumed the rights and obligations of Connor under the May 3, 1990 Contract by and between Connor and Calgon.

      3.    Denies each and every allegation set forth in paragraph "8", except admits that Calgon entered into a subcontract with Hartzell Fans, Inc. ("Hartzell") for the supply of the 12 scrubber exhaust fans to be incorporated into the project pursuant to certain contract specifications.

      4.    Denies each and every allegation set forth in paragraph "9" of the Plaintiff's Complaint, except admits that the Plaintiff resolved the concerns of the City of New York Department of Environmental Protection ("NYDEP") more than 12 years after the determination by the Defendant and the

NYDEP that the Plaintiff and Hartzell installed fans that were not constructed with the materials required by the contract specifications which resulted in their failure to perform in accordance with the requirements of the specifications.

5. Denies each and every allegation set forth in paragraph "10" of the Plaintiff's Complaint, except admits that Calgon has demanded payment by WDF of amounts related to the supply and installation of the fans.

6. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "12" of the Plaintiff's Complaint.

7. Denies each and every allegation set forth in paragraph "13" of the Plaintiff's Complaint and respectfully refers this Court to the terms and conditions of the contract referred to therein and applicable New York law.

8. Denies each and every allegation set forth in paragraphs "14", "15" and "16" of the Plaintiff's Complaint.

9. Denies each and every allegation set forth in paragraph "17" of the Plaintiff's Complaint and respectfully refers this Court to the contract referred to therein for its terms and conditions and applicable New York law.

10. Denies each and every allegation set forth in paragraph "19" of the Plaintiff's Complaint, except admits that the Defendant, Seaboard Surety Company, issued a Payment and Performance Bond No. 20089690 in connection with the subject project.

11. Denies each and every allegation set forth in paragraphs "20" and "21" of the Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. Plaintiff fails to state a cause of action upon which relief can be granted as against the Defendant, WDF, Inc., as it does not have privity of contract.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. Statutes of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Plaintiff fails to state a cause of action as against the Defendant, Seaboard Surety Company, in that Plaintiff did not commence its action within the time limits set forth in the subject payment and Performance Bond.

### AS AND FOR A FIRST COUNTERCLAIM BY DEFENDANT, WDF, INC.

15. That on or about April 11, 1990, WDF, Inc. (by its predecessor), was awarded Public Works Contract No. 51G by the Department of Environmental Protection of the City of New York to furnish and install certain processing equipment as required by the Contract's Plans and Specifications at several water pollution plants located in the City and State of New York (hereinafter the "Project").

16. That on or about July 23, 1990, WDF, Inc. (by its predecessor), entered into a subcontract with Connor Management Group, Inc. (hereinafter "Connors") for a portion of WDF's contract work at the project.

17. Thereafter, Connors entered into a Purchase Order with the Plaintiff, Calgon Carbon Corporation, pursuant to which the Plaintiff agreed to furnish certain material and equipment required in connection with the project (hereinafter the "Purchase Order").

18. The Purchase Order provided, amongst other things, that the Plaintiff would furnish twelve (12) scrubber exhaust fans (hereinafter

the "Fans") at the project in accordance with the contract specifications.

19. Amongst other things, the contract specifications required that the fan blades and shafts be constructed of a 100% fiberglass material and that the fans would purify and remove foul, noxious and contaminated air in such a manner as more specifically defined in the contract specifications and pursuant to certain agreed upon industry standards.

20. Thereafter, Plaintiff entered into a Contract with Hartzell Fans, Inc. (hereinafter "Hartzell") for the supply of the previously identified fans.

21. Thereafter, and on or before June 30, 1992, Plaintiff installed the fans provided by Hartzell into the project and the NYDEP issued a Certificate of Substantial Completion and awarded WDF a $705,000.00 bonus for timely completion of the project.

22. Thereafter, upon information and belief, the NYDEP determined that the performance by WDF was complete and final.  However, prior to issuing the final payment to WDF of its performance bonus, the NYDEP notified WDF that there were problems with the fans in that they did not perform in accordance with the requirements of the contract specifications and did not meet the agreed upon and required performance standards.

23. It was thereafter determined by the NYDEP that the fans were not constructed of the material required by the contract specifications and the Purchase Order.

24. In connection with and prior to the furnishing of the fans at the project, the Plaintiff and its supplier and/or the manufacturer of the fans represented to the Defendant that the fans would be fabricated and installed in compliance with the requirements and standards as set forth in the contract specifications.

25. The Plaintiff knew or should have known that the representations would be relied upon by the Defendant in connection with the Defendant's compliance with the Contract and that such representations were for the material benefit of the Defendant, the public and the NYDEP.

26. At the time the Plaintiff submitted its requisition for payment, it knew that such representations were false and fraudulent and that they would be relied upon by the Defendant when the Defendant requisitioned the NYDEP for payment which included the Plaintiff's work.

27. That prior to March 15, 1994, the NYDEP rejected the fans and refused to issue payment to the Defendant of the $705,000.00 performance bonus and withheld additional sums in connection with the supply and installation of the defective and/or non-conforming fans.

28. From on or about March 15, 1994, and over the course of approximately the next ten (10) years, the Plaintiff failed and/or refused to take timely action as necessary to perform the corrective work required to remedy the defective and/or non-conforming fans.

29. That thereafter, the Plaintiff finally took the appropriate action by repairing and/or replacing all of the defective and/or non-conforming fans and in or about September, 2004, the NYDEP accepted the remedial work performed by the Plaintiff and authorized the release of the Defendant's $705,000.00 performance bonus and whatever additional amounts were withheld in connection with the defective or non-conforming fans.

30. That as a result of the substantial delays caused by the Plaintiff in failing and/or refusing to timely remedy the defective or non-confirming fans for a period of approximately fifteen (15) years, the Defendant has suffered damages for breach of contract and delays relating to the Defendant having been deprived of the $705,000.00 performance bonus which was to have been paid on or about June 30, 1992 following completion of the

project, in an amount to be determined by the Court but in no event will said amount be less than SEVEN HUNDRED FIFTY THOUSAND($750,000.00) DOLLARS.

### AS AND FOR A SECOND COUNTERCLAIM BY DEFENDANT, WDF, INC.

31.     The plaintiff repeats and reiterates each and every allegation as set forth in Paragraphs "1" through "30" with the same force and effect as though set forth fully herein.

32.     The Plaintiff misrepresentations to the Defendant that the fans complied with the contract specifications when in fact they knew or had knowledge that the fans did not comply with the contract specifications in that the fans were not fabricated with one hundred (100%) percent fiberglass material and that the fans were not capable of performing in accordance with the performance requirements as set forth in the contract specifications.

33.     The representations made by the Plaintiff were material to the Defendant's performance under its contract and were the direct cause for the rejection by the NYDEP of the work performed by the Plaintiff and the withholding of payment by the NYDEP of the Defendant's performance bonus.

34.     That as result of the foregoing false and material representations and fraud of the Plaintiff, the Defendant has been damaged in an amount to be determined by the Court as punitive damages.

WHEREFORE, the Defendants, WDF, Inc. and Seaboard Surety Company, demand judgment dismissing the Plaintiff's Complaint and further demand judgment in favor of WDF, Inc. on its First and Second Counterclaims in an amount to be determined by the Court, together with any other relief this Court deems just, proper and equitable in the circumstances.

Dated:    Jericho, New York
          July 11, 2008

                              Yours, etc.,

                              LAW OFFICES OF WILLIAM J. TURKISH, PLLC

                              By: _____
                              WILLIAM J. TURKISH, ESQ.
                              Attorney for Defendants
                              33 South Service Road
                              Jericho, NY 11753
                              Our File No. 6173.1
                              (516) 338-0585
                              FAX: (516) 338-0685


To:   KIRKPATRICK & LOCKHART PRESTON
      GATES ELLIS LLP
      Attorney for Plaintiff
      599 Lexington Avenue
      New York, NY 10022
      (212) 536-3900

      KIRKPATRICK & LOCKHART PRESTON
      GATES ELLIS, LLP
      535 Smithfield Street
      Pittsburgh, PA 15222

wjt/wdf/calgon/lit/answer 7.11.08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CALGON CARBON CORPORATION,

                        Plaintiff,        Case No. 08 CIV 4407 (CM)

        -against-
                                          ANSWER
WDF, INC. and SEABOARD SURETY COMPANY,

                        Defendants
----------------------------------------X
```

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NASSAU    )

**EILEEN J. FUCHS**, being duly sworn deposes and says: I am not a party to the action, am over 18 years of age and reside in Long Beach, New York.

On July 11, 2008, I served a true copy of the annexed **ANSWER** in the above matter, in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
599 Lexington Avenue
New York, NY 10022

KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS, LLP
535 Smithfield Street
Pittsburgh, PA 15222

_____
EILEEN J. FUCHS

Sworn to before me this
11th day of July, 2008

_____
Notary Public

WILLIAM TURKISH
NOTARY PUBLIC, State of New York
No. 02TU4801151
Qualified in Nassau County
Commission Expires Nov. 30, 2009