Michael R. Gordon (MG 7838)
Rebecca L. Misner (RM 8086)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  212-536-4821
Facsimile:  212-536-3901
Email:  michael.gordon@klgates.com
          rebecca.misner@klgates.com

Joseph L Luciana, III, admitted *pro hac vice*
Megan E. Smith Miller, admitted *pro hac vice*
K&L Gates LLP
535 Smithfield Street
Pittsburgh, PA  15222
Telephone:  412-355-6500
Facsimile:  412-355-6501
Email: joseph.luciana@klgates.com
         megan.smithmiller@klgates.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| CALGON CARBON CORPORATION, | Index No.: 08 CIV 4407 |
| Plaintiff, | |
| v. | |
| WDF, INC., and<br>SEABOARD SURETY COMPANY, | |
| Defendants. | |

-----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF CALGON CARBON CORPORATION'S
MOTION TO DISMISS WDF, INC.'S COUNTERCLAIMS WITH PREJUDICE
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

### I.     <u>INTRODUCTION</u>

Plaintiff, Calgon Carbon Corporation ("Calgon"), moves herein to dismiss WDF, Inc.'s

("WDF's") two-count counterclaim on the grounds that neither count is cognizable under New York law because: (1) WDF cannot state a claim for fraud that is essentially based upon the alleged improper performance of a contract; and (2) WDF may not assert a claim for interest without alleging a contractual relationship between the parties (or some other legal basis for recovery, which WDF has failed to do).  As such, the Court should dismiss both of WDF's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for their failure to state a cause of action for which relief can be granted.

## II.     FACTUAL BACKGROUND

By letter dated April 11, 1990, the NYCDEP awarded Contract No. 51-G (the "Prime Contract") to WDF to furnish and install processing equipment at various locations throughout New York City.  Affidavit of Megan E. Smith Miller in Support Motion to Dismiss dated July 31, 2008 ("Miller Aff.") ¶ 4 and Exhibit 1, ¶ 6.  WDF then subcontracted with Connor Management Group, Inc. ("Connor") to provide processing equipment for the Prime Contract.  Miller Aff. ¶ 4 and Exhibit 1, ¶ 7.  Connor in turn subcontracted with Calgon by way of a purchase order agreement (the "Purchase Order").  Id.  Calgon alleged in the Complaint (but WDF has denied) that WDF received an assignment of the rights and obligations of Connor under the Purchase Order.  Id.; Miller Aff. ¶ 5 and Exhibit 2, ¶ 12.

Calgon subcontracted with Hartzell Fans, Inc. ("Hartzell") for the supply of 12 scrubber exhaust fans ("Fans"). Miller Aff. ¶ 4 and Exhibit 1, ¶ 8.  Hartzell later supplied the Fans.  Miller Aff. ¶ 4 and Exhibit 1, ¶ 8.  However, the NYCDEP alleged that the Fans did not meet certain contractual performance requirements and withheld certain amounts due to WDF (and Calgon) for the Fans.  Miller Aff. ¶ 4 and Exhibit 1, ¶ 8; Miller Aff. ¶ 5 and Exhibit 2, ¶ 22.  In 2004, all problems with the Fans were resolved.  Miller Aff. ¶ 5 and Exhibit 2, ¶ 29.  Despite that, the NYCDEP did not make final payment to WDF until 2007.  Miller Aff. ¶ 4 and Exhibit 1, ¶ 9.

Despite receiving payment from the NYCDEP, WDF has refused to pay Calgon outstanding amounts owed.  Miller Aff. ¶ 4 and Exhibit 1, ¶ 10.  Consequently, Calgon initiated

this action to recover the amounts outstanding, plus interest and attorneys fees as provided by the Purchase Order and New York law. Miller Aff. ¶ 4 and Exhibit 1, ¶¶ 11-17. In response, WDF filed a counterclaim alleging counts for (1) allegedly lost interest; and (2) fraud on the basis that Calgon allegedly knowingly provided and sought payment for Fans that did not comply with contract specifications. Miller Aff. ¶ 5 and Exhibit 2, ¶¶ 15-34.

### III.    ARGUMENT

**A.    Standard Of Review**

In examining a motion to dismiss, the Court must accept as true the facts alleged and liberally construe the claim. E & L Consulting, Ltd. v. Doman Indust. Ltd., 472 F.3d 23, 28 (2d Cir. 2006). "Dismissal is appropriate only where the [non-moving party] can prove no set of facts consistent with [its] complaint that would entitle [it] to relief." Id. (citations omitted.) Measured against this standard, WDF has failed to allege a proper counterclaim.

**B.    WDF's Counterclaim for Fraud is Barred Under New York Law Because it Merely Alleges a Breach of Contract Claim**

WDF's counterclaim for fraud is barred because it purports to allege a claim for fraud arising solely from an alleged breach of contract. Under New York law, to state a cause of action for fraud, a claimant must show: "(1) the defendant made material false representations, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 19 (2d Cir. 1996) (quoting Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank, 57 F.3d 146, 153 (2d Cir. 1995)).

Following this rule, New York federal and state courts have repeatedly found that a claimant does not state a cause of action for fraud when it alleges that the other party knowingly or intentionally failed to properly perform its obligations under a contract. See, e.g., id; Reuben H. Donnelly Corp. v. Mark I Marketing, 893 F.Supp. 285, 289 (S.D.N.Y 1995); Benedict Realty

3

Co. v. City of New York, 846 N.Y.S.2d 294, 45 A.D.3d 713, 714 (N.Y. App. Div. 2 Dept. 2007). "[W]hen the alleged fraud is not separate and distinct from a failure to perform under a contract, the claim is treated as sounding in contract rather than tort." Reuben H. Donnelly Corp., 893 F.Supp. at 289. Therefore, for a fraud claim to be cognizable in the context of a contractual relationship, "a plaintiff must either (i) demonstrate a legal duty separate from the duty to perform under the contract… or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract … or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." Bridgestone/Firestone, Inc., 98 F.3d at 20 (internal citations omitted).

Here, WDF has not alleged any of the circumstances under which a fraud claim would be cognizable in the context of a contractual relationship such as at issue in this case. In particular, WDF has not alleged a separate legal duty, nor has it alleged a misrepresentation collateral to the Purchase Order, nor has it sought special damages arising from Calgon's alleged misconduct which are not otherwise recoverable as contract damages. Instead, WDF's fraud counterclaim alleges "[Calgon misrepresented] to [WDF] that *the fans complied with the contract specifications* when in fact they knew or had knowledge that the fans did not comply with the contract specifications …."[1] Miller Aff. ¶ 5 and Exhibit 2, ¶ 32. (emphasis added.) WDF further alleges that "[a]t the time [Calgon] submitted its requisition for payment, it knew that such representations were false and fraudulent and that they would be relied upon by [WDF] …." Miller Aff. ¶ 5 and Exhibit 2, ¶ 26. Quite clearly, WDF has simply alleged that Calgon breached the Purchase Order by failing to supply Fans in compliance with contract specifications. WDF may not convert this alleged breach of contract claim into a fraud claim merely by stating that

---

[1] Calgon also believes that WDF's fraud claim would be barred by the statute of limitations since WDF became aware of the alleged problems with the Fans in 1994 but did not file its counterclaim until 2008. Miller Aff. ¶ 5 and Exhibit 2, ¶¶ 27-30.

4

Calgon was aware its performance was not in compliance with contract specifications at the time it sought payment from WDF.

Because WDF has alleged a fraud action that is based upon a breach of contract, it has not alleged a recognizable claim under New York law. See id; Reuben H. Donnelly Corp., 893 F.Supp. at 289. Moreover, since WDF's fraud allegations cannot be restated to comply with the requirements of New York law, WDF's counterclaim for fraud should be dismissed with prejudice. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (Leave to amend will not be granted where amendment would be futile.)

C.  **WDF's Counterclaim for Allegedly Lost Interest Fails to State a Cause of Action Because It Fails to Allege a Breach of Contract**

WDF's counterclaim for allegedly lost interest is barred because it fails to allege a legal basis for recovery. A party may be entitled to interest under New York law when there is a contract between the parties. In this case, WDF fails to allege that there is a contract between WDF and Calgon. Instead, WDF's counterclaim merely alleges that there was a series of construction contracts related to the Prime Contract, but does not assert that there was any contract between Calgon and WDF. Miller Aff. ¶ 5 and Exhibit 2, ¶¶ 15-20. In fact, WDF specifically denies the existence of a contract between the parties as an affirmative defense to Calgon's claim for breach of the Purchase Order. Miller Aff. ¶ 5 and Exhibit 2, ¶ 12. Because WDF fails to allege that there is a contract between the parties, WDF cannot assert a breach of contract claim for interest against Calgon.[2] See Reuben H. Donnelly Corp., 893 F.Supp. at 290 (a claimant must allege the existence of a contract and the breach of that contract).

---

[2] Calgon continues to assert that WDF is responsible to Calgon for breach of contract by virtue of its having received an assignment of Connor's rights and obligations under the Purchase Order. See Miller Aff. ¶ 4 and Exhibit 1, ¶ 7.

Additionally, WDF has not alleged any other legal basis for its allegedly lost interest claim. For these reasons, its counterclaim for allegedly lost interest should be dismissed.

## IV.  CONCLUSION

For all of the reasons set forth above, WDF, Inc.'s Counterclaims against Calgon should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

July 31, 2008

/s/ Megan E. Smith Miller _____
Michael R. Gordon (MG 7838)
Rebecca L. Misner (RM 8086)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  212-536-4821
Facsimile:  212-536-3901
Email:  michael.gordon@klgates.com
        rebecca.misner@klgates.com

Joseph L Luciana, III, admitted *pro hac vice*
Megan E. Smith Miller, admitted *pro hac vice*
K&L Gates LLP
535 Smithfield Street
Pittsburgh, PA  15222
Telephone:  412-355-6500
Facsimile:  412-355-6501
Email: joseph.luciana@klgates.com
        Megan.smithmiller@klgates.com

*Attorneys for Plaintiff, Calgon Carbon Corporation*